COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDC● (Rev. 7/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE _Southern_ DISTRICT OF TEXAS
_Austin_ DIVISION

FILED
JUN 29 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

_Dale Devon Scheanette 999440_
Plaintiff's name and ID Number

_Texas Dept of Criminal Justice_
_Polunsky Unit (Death Row)_
Place of Confinement

CASE NO __A05CA502 LY__
(Clerk will assign the number)

v.
STATE COMMISSION ON JUDUCIAL CONDUCT
P.O.BOX 12265, AUSTIN, TX, 78711-2265
---
Defendant's name and address
Seana Willing
---
Defendant's name and address
Joseph B. Morris
---
Defendant's name and address
(DO NOT USE "ET AL.")
---

I. **PREVIOUS LAWSUITS:**

A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?     ✓ YES   ___ NO

B. If your answer to "A" is "yes", describe each lawsuit in the space below.
(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _1-21-05 - See also attachment_

2. Parties to previous lawsuit:
   Plaintiff(s) _Dale Devon Scheanette_
   Defendant(s) _Texas Dept of Criminal Justice, Warden Bisroe, Wanda Riggins, L. Rodd y_

3. Court (If federal, name the district; if state, name the county) _Eastern Lufkin_

4. Docket Number: _9:05 CV 34_

5. Name of judge to whom case was assigned: _Harry McTree_

6. Disposition: (Was the case dismissed, appealed, still pending?)
   _Still pending - See also attachment_

7. Approximate date of disposition: _____

(ATTACHMENT,OTHER SUITS FILED)

DEFENDANTS

Tarrant County Judges Mike Thomas,Tim Curry,severale UNknown Judges in Tarrant County,severale Unknown Deputy District Attorneies, TARRANT COUNTY SHERIEF DEE ANDERSON.

DOCKET NUMBER   4:05 cv 208 U.S. DISRICT COURT FORT WORTH

DATE FILED 5-25-05

COURT FITH CUIRCUT COURT OF APPEALS  OF NEW ORLEANS
PENDING ON APPEAL,BRIEFED.

DOCKET NUMBER 05-10615  SCHEANETTE V THOMABS

II. **PLACE OF PRESENT CONFINEMENT:** 3872 FM, 35 South Polunsky Unit Livingston TX 77351

III. **EXHAUSTION OF GRIEVANCE PROCEDURES:**
Have you exhausted both steps of the grievance procedure in this institution? ✓ YES __ NO
Attach a copy of the Step 2 grievance with the response supplied by the prison system.

IV. **PARTIES TO THIS SUIT:**
A. Name of address of plaintiff: 3872 FM, 350, South, Livingston TX 77351 (Death Row)

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: See attachment

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.
(See attachment)

STATE COMMISION ON JUDUCIAL CONDUCT
(POLICY)
PO.BOX 12265,Austin,TX 78711-1165,www.scjc.state.tx.us,(512)463-5533,Toll free# (877) 228 5750

Policy of discrimination against death row inmates

Policy of discrimination against convicted felons

Policy of discrimination against convicted felons in prison

Policy of discrimination against indigent felons(convicted)

Policy of discrimination of against indigent convicted Felons in prison.

Policy of view point discrimination,complaint about racism racesim by by Judges.

Policy of inhibiting speech on account of its contnets

Policy of conspiring to discriminate against death row inmates

Policy of conspiring against convicted felons

Policy of conspiring to discriminate against convicted felons in prison.

Policy of conspiring to discriminate against indigent convicted felons in prisons.

Policy of conspiring to discriminate against convited felons in generale.

Policy of conspiring to inhibit speech on account of it contnets

Policy of conspiring to committ view point discrimination.

Policy of discrimination against accused sex offenders.

Poilcy of conspiring to discriminate agaist accused sex offenders ,these refer to a complaint filed by Charles Dewayne Thoron,while he was in Tarrant County jail in 2001,he filed a complaint about a Tarrant County Judge doing the same in his pretrial,they refuse to act as well on account of status.

Policy of failing to stop each other from conspiring against death row in mates.

Policy of failing to stop each other from conspiring against convicted felons in generlae.

Policy of failing to stop each other from conspiring against convictedfelons in prison.

Polict of failing to stop each other from conspiring against indigent felons in prison.

Policy of faling tio stop each other from conspiring against indigent felons in generale

Policy of failing to stop each other from conspiring against accused sex offenders.

Policy of failing to stop each other from conspiring to inhibit speech on account of it contents.

1

Policy of failing to stop each other from injuking discriminatein g-,against death row in mates

Policy of failing to stop each other from discriminateing against convicted felons in generale.

Policy of failibng to stop each other from discriminateing agains convicted felons in prison.

Policy of failing to stop each other from discriminateing against indigent felons in genrale.

Policy of failing to stop each other from discriminateing against indigents felons in prison

Policy of failing to stop each other from discrimination against accused sexoffenders

Policy of failing to stop each other from discriminateing pertain xp -g view point discrimination

Policy of failing to stop eacn other from conspiring to committe view point discrimination.

Policy of failing to stop each other from conspiring to inhibit speech on account of it contents.

Policy of failing to stop each other from discrimination against speech on account of it contents..

Policy of dis crimination against,writ wrighters,failing to stop, conspiring conspiring against,policy of failing to stop.

## MEMBERS IN THIER INDIVIDUAL COMACITY

The plaintiff seeks damages from each member in his or her indivi ual compacity,for acts 1 thru 33,note it is times 8 involving the failure to stop claims,the failure to stop each of the other 8 members $_____(x 8,each defendants)

Seana Willing (Executive director)

Joseph B.Morris (Chairmen)

James A.Hall (Vice Chairmen)

Dee Coats(Secretary)

Kathleen H. Olivares(member)

Gilbert M.Martinez (Member)

Ronald D.Krist (members)

R.C. ALlen,III(members)

Faye Barksdale (members)

Rex G. Baker,III(members)

  there work addresses

P.O.Box 12265
Austin,TX,78711-2265
(512) 463-5533
Toll free #(877)228-57 50
wed addresses www.scjc.state.tx.us

(EACH DEFENDANT INDIVIDUALY)

Negligant implementation of investigation policy,complaint needed to provide info when it cost to obtain info.
discrimination against death row inmates
discrimination against convicted felons in prison
discimination against convicted felons in generale
discrimination against indigent convicted felons in prison
view point discrimnation against plaintiff on account of comlained of conduct.
conspiring to committe view point discrimination.
conspiring against plaintiff on account of being death row inmate
conspiring against plaintiff on account of being convicted felon in prison
conspiring against plaintiff on account of being convicted felon in generale.
inhibiting plaintiff speech on account of its contnets
conspiring to inhibit plaintiff speech on account of its contents
conspiring against plaintiff on account of being indigent felon in prison.
discrimination against plaintiff on account of being convicted sex sex offender.
conspiring to discriminate against plaitiff on account of being convicted sex offender.
failing to stop each other from conspiring against death row inma-tes.
failed to stop sex conspiring on account of being death row inmat-ates.
failed to stop conspiracy against plaintiff as a person.
failed to stop conspiring against plaintiff .
failed to stop conspiring on account of being convicted felon in prison.
failed to stop conspiring on account of being a indigent con-victed felon in prison.
failed to stop conspiracy to ihibit speech on account of it conte-nts.
failed to stop conspiracy to inhibit speech on account of being a death row inmate,sex ofender,convicted felon,african american, indigent convicted felon,convicted felon in prison.wright writ wrighters.
discrimination against writ wrighters..  2

COMPLAINT

(FOR FEDERALE AND STATE CLAIMS)

I,the ϼxxxxx plaintiffXBKXX DALE DEVON SCHEANETTE,state that on 3-22-04,I filed a complaint to the aforementioned defendants, about serious Juducial misconduct in my pretrial and trial proced -ure, and informing them that there was evidence on the court repoters transcripts to prove it,and giveing them Heabus counsel name and number to call him to obtain a copy of the document signed by a witness abtained by me directly showing that trial court had ingaged in expare te communication with state witnesses and conspired against me,as well as swearing that info given to the defendants was true,that the trial court had told me to my face,that he was aware it was error to deny my motions,while alon -e with Prosecoteing Attorney Gregory T. Miller,and that he has saidxonxthexrecordxthat had striken my African American jurors for racial peurposes,but none theless,I recieved a responce from the defendants informing me,they could not substaintate my allegations,asking me to submitt more new info,they were unable to substaintate the old info,the plaintiff complains that the defendants never investigated my complaint or looked into it, or took it serious,on account of me being a death row inmate amnd being a convicted felon unworthy of belief,my word was not trust worty and beliavble,this action taken by them demonstrates discrimnatory animus towards the plaintiff do to being a death row inmate and a convicted felon,and khe was  also to further the attempt to curtail my speech on account of its contents about racesinm by the judge ,and his indicate he would do it in the future,they had not investigated or made any attemp tp to look into my complaint,if they had,Greegory Miller would have provided them with documentation from the Judge,a letter writen to them further admitting his misconduct,as well as he provided me with the info nearly two months after the responce from the defendants as well as he provided me with trans critps to prove my allegatio about the trial court,they had not contacted Miller,if  they had he would have provided it to them,it existed at that time,all do there is no right to this,they cant discriminate against me on account of being a death row inmate and convicted felon,or being an indigent convicted felon.

COMPLAINT #CJC#:04-0708-RT    1

42 U.S.C.§ 1983

COUNT 1

The aforementioned defendants have conspired to discrim-
nate against the plaintiff, 1st,14th AMEND U.S. CONST RIGHT.
(freedom of speech,equal protection) 8th(cruel and unsual
punishment-ANIMUS)      42 U.S.C.§ 1983

COUNT 2

The afore mentioned defendants have discriminated against the
plaintiff,1st,14th AMEND U,S, CONST RIGHT(freedom of speech,equal
protection) 8th(cruel and unsual punishment-animus)

COUNT 3

42 U.S.C.§ 1985(3)

The aforementioned defendants have conspired directly or
indirectly to deprive the plaintiff of equal protection under the
law,and prividleges,or immunities..1st,14th U.S. CONST RIGHT
(freedom of speech,equal protection) 8th (cruel and unsual
punishment-ANIMUS)

COUNT 4

42 U.S.C.§ 1986

The aforementioned defendants failed to stop each other
from conspiring to discriminate against the plaintiff 1st,14th
AMEND U.S. CONST RIGHT,and 8th,(freedom of speech,equal protecti
-on,cruel and unsual punisment-ANIMUS)

STATE LAW

COUNT 5

NEGLIGANCE

The aforementioned defendants have negligantly injured the
plaintiff,by and thru there policy of discrimination against , and
acts and ommisions

COUNT 6

NEGLIGANCET INFLICTION OF EMOTIONAL DISTRESS

The afore mentioned defendants have negligantly inflicted,
emoptional distresses upon the plaintiff by and thru there acts
and ommisions

COUNT 7

INTIONAL INFLICTION OF EMOTIONAL DISTRESSES

The aforementioned defendants have inflicted emotional distress

1

(COUNTNIUED)

upon the plaintiff by and tjhru there acts of discrimination,as well as failing to xe attempt to verify,or verify allegations.

## COUNT 8
## ABUSE OF PROCESS

The afore mentioned defendants have abused tnere legaly duty to investigate misconduct,by and thru useing it to discriminate against prisoners,convicted felons,indigent convicted felons, and death row inmates,as well as refuseing to prosecute on accoun t,of the social status of the person makeing the complaint,px unprofessional complaints ag compared to the professional compla -ined of defendant

## COUNT 9
## FEDERAL INTINAL INFLICTION OF EMOTIONAL DISTRESSS
## 42 U.S.C. 1983

THE afore mentioned defendants have intinaly inflicted emotion -al distresses upon the plaintiff by violateing his Federale righ -ts,by and thru there acts

## COUNT 10
## FEDERALE INTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 42 U.S.C. 1983

The afore mentioned defendants have conspired to xiatate inflic emotional distresses upon the plaintiff by and thru there acts

## COUNT 11
## 42 U.S.C. 1985(3)

The afore mentioned defendants have conspired to inflict emotional distrees upon the plaintiff by and thru there acts or ommissions.

### (RELIEF)

I would like 5 MILLIONS U.S. DOLLARS,for each injury to me involving my Federale and State rights and interest,&punative damages,from each defendant.

1(a)

COMMON LAW TORT

COUNT 12

FRAUD

Fraddulent mis represnetation of thjere investigation into my complaint

COUNT 13

FRAUD

Fraudulent misrepresentation of there service,to prosecute iuducial mis conduct,when there is Juducial misconduct,they are not commited to this as they say in there memo sent to me as to the serivce they provided

COUNT 14

NEGLIGANCE

The commission has negligant misrepresentated there investigation into my complaintthey did not.

COUNT 15

NEGLIGANCE

The commision has negligantly misrepresented there service,of investigateing and prosecuting judicial mis conduct,they dodnt, when there proff, it depends on who presents the complaint..

COUNT 16

42 U.S.C. 1985(2)

The defendant have conspired to hinder,obstruct,impeded and defeat the plaintiff in bring the trial court to jhustice,thru the due course of liscence revacation,by falsely stateing the lack of subtantiacion of evidence to presecute for the racesim

CONCLUSION

Plaintiff asked that,if there is any other relief the court believes he is intitiled to,that it be given,that is shown.

1(b)

SUPPLAMENTED CLAIMS (6-16-05)

COUNT 17

STATE LAW CLAIM

The state is liable to the plaintiff,due to the misuse and wrongful acts commited against the ~~pai~~ plaintiff,by and thru the use of there MOTORDRIVEN EQUIPMENT,namely there typewrighter, and computerprinter which is infact electrical motor drvien, when the defendentants typed up the ~~██████~~ letter or printed it useing the motor driven equipment,namel;y the printer wheels, return button,line spacecer,tab,auto return,index,or the printer discharge of the paper when printed,the motor used to drive the scanner,they used the motor driven equipment for a purpose for what is was not to be used to do,they have ~~usedxix~~ misused the eqipment,this motordriven equipment came into there custody or use,by virtue of the government employment,or office..(each defendant in there OFFICIAL COMPACITY),the STATE would infact be liable to the plaintiff if it were a person. the equipment was misused to discouarge inmate complaints,that complaints would not be taken serious by commision.

COUNT 18

42 U.S.C.§1981

The plaintif states that the defendants have refused to contract with him,violateing 1981,by and thru there attempts to curtail the plaintiff speech about racesist acts commited against him by JUDGE THORTON,therefore they refused to investigat the complaint,simply lied that they did,inorder to hinder the speech,account of its contents,they refused to inter into an contract to have JUDGE THORTON REMOVED,liscensce revoked for his RACIAL TREATMENT OF THE PLAINTIFF,ANIMUS explained to the DEFENDENTS.,the plaintiff was REFUSED there services.

SPECIAL REQUEST

The ~~pali~~ plaintiff would like to have his envelop,80¢ stamp, typeing paper(2.00 ,U.S. Dollars),typeing Ribbon(4,95,U.S.Dollars ),CARBON PAPER (1,80 U.S.Dollars),all reimbursed,for the complaint mailed to the defendants.

1(c)

CLAIM 19

NEGLIGANCE

The State of Texas, was negligant, in selection of members of its commission, supervision of members when revieweing complaints, training about discrimination towards inmates, of all sorts, retition of members whom it knew or should have know, should have not been selected or whom were acting in discriminatory fashion or whom were not former Prosecutors for state, monatoring of members performance when infact knew or should have knowen of failure to remove or attempt to remove any Judge in criminal cases, for misconduct complained of in madia of Judges not being neutral especial$_y$ in DEATH PENALTY CASES, all of which lay the foundation for the intional tort of a third person to happen....see Downey v Denton County 119 F3d 381 (5th Cir 1997), namely each and every member of its staff (commision)

CLAIM 20

A.D.A. 42 U.S.C. § 12203(b)

The Defendants have unlafuly interfered with the plaintiff in excise of, his rights grateed and protected by the A.D.A., by and thru, there notice to plaintiff that they were on able to substaintiate his complaints when infact it was substantitable , if they had simply called witnesses, they did not, inorder to curtail speech of discrimnatrion against plaintiff, as a qualified individual under the A.D.A.

$ 10 MILLION U.S. DOLLARS

CLAIM 21

A.D.A. 42 U.S.C. § 12203(b)

The defendants have unlawfuly coerced with the plainff in excise an enjoyment of his right to opose any act of discrimantio , or complain of discrimnation, by insiuateing to plaintiff, do to his disability no one cared or would take him serious, so shou -ld stop complaining an except discrimination against him.

AMERICAN WITH A DISABILITY ACT

42 U.S.C.12101-12132-12165

TITILE II,III

COMPLAINT

    Plaintiff states,that on account of being a convicted "felon", all of the defendants discriminated against me,khys they refused to investigate my compalint against my visiting trial Judge Robex Robert Thorton,on account that they considered,do to being a convicted felon,my word alone was not trustworthy to investigate my complaint,as well as being a death row inmate,they responded they were unable to substaintie the alegations,in my complaint, although I have given them my Heabus counsel phone number to call him to get letter signed by a witnesses indicateing the Juducial misconduct in my trial procedures,as well as, I informed them tha there was some on the record,such as the court saying he was not going to grant my motion for a change of venue,but he knew it would get reversed on appeal,(C.R.R.Vol 24),but do to account of my disability,the refused to take steps to verify my compaint,on account of these inactions and actions, I was "excluded from" perticipation in xk there service to the public,as well as the program of removeing the Judges from the bench on a valid complai -nt,as well as,denied the benefits of there service,if they would have loked into it,they would have been provided a letter from the trial court himself to the Tarrant County District ATTORNEY Office,admitting to the misconduct,this info was provided to the Plaintiff by one the trial courts conspiring party,Gregg Miller, he provided it after the complaintant filed a complaint against him to the state bar,he would have provided them with further Transcripts showing that trial court said,that it bothered him to know it would file a law suite if he grtanted my motions,(C.C.R. Vol 24)they had no intentions of investigateing my complaint,do being regrded as society unworthy,I was subjected to discriminati ,and excluded from perticipation in there sercive,and program.

kQ $ 10 MILLION   U.S. DOLLARS

(ADA COMPLAINT II)

(CONTINUED)

TITILE III

The aofrementioned defendants have failed to provided the with "assisability" to there service,by and thru,there failure provide there addresses and applications to inmates in prison, that they may file complaints,I had to wright to the state bar inorder that I may recieve a copy of there addreses,then inturn, wrote a letter to the defendant asking to be be provided with an application that I may file my compalint,they have failed to make "reasonable accomadations" for my disability of being in prison and on death row,I have no acdcess to out side phones or any way of contacting them,

$10 U.S. MILLION DOLLARS

(COMPALINT III)

The aforementioed defendants have discriminated,on account of my indigency,caused by being in priosn,do to my inability to produce the trans cripts up fron,the defendants refused to allow me to perticipate in there serive and program,they refused to take any steps to verify my allegations,my word was "alone",was unworthy,of belief

$ 10 MILLION U.S. DOLLARS

( COMPLAINT IIII)

The afore mentioned defendants,failed to make reasonable accomdations for my indigency caused by being in prison,by requesting the complained of defendant produce the tracscript,or request tha D.A. office provided them with a copy sxxgs as is the case with the STATE BAR OF TEXAS,on account of my disability,indegency,caus -ed by being in prison,and there failure to make reasobable accomadations for it,I was excluded from perticipation in there service and program..

$ 10 U.S. MILLION DOLLARS

3

QUALIFICATIONS

ADA

<u>CONVICTED FELON</u>- Cant work were want to,travel where want to, such as other countries,cant live were want to,cant rent an apt with a felon conviction,Cant work for the Government,own a gun vote,work for the state,work for private companies only with the exception of a few,cant work jobs in Texas involving medicine,medication delivery to patience or pharmecy,presciption refile,regarded as untrust worthy,liers,thieves,muders,rapesist, conartist,habutiual liers,dishonest,durqdelears,drug addicts,etc. Jury service

<u>CONVICTED FELON IN PRISON</u>- being in prison severly restricts a major life activity,cant care for one self,by reason of incarsaration,see Estelle v Gamble 925 S.Ct.285,291(1978),Deshaney spura 109 S.Ct.998,1005-06(1989),vote,reproduce,care for one family . play with kids,talk to kids.

<u>DEATH ROW INMATE</u>- untreatable,future danger,unable to intereact with others,social disfuctional,social misfits,unable to conduct selves in a civilixed maner,prone to violence,Mc Aldin v County of Sandingo 192 F3d 123,126(9th 1999)(interact with others),Heisler v Metropolition Counsel 339 F3d 622(same),Wood v Crown Redi mix Inc 339 F3d 682,685 (8th 2003)

<u>CONVICTED SEX OFFENDER</u>,regarded as,needeing further treatment when they leave prison,still regarded as being sick,mentally,although they have infact served there time,restricted in where can live,work,visit,no school zone,must register as sex offender, discriminated against

(MANIFESTATIUON OF PAIN AND SUFFERING)

loss of appatitie,with drawrenen from others(including recreation over the year to an extent),depression,loss of sleep,sucidial tendacy(because believe know one cares about situation),loss of weight,extreme depression until cause acid reflux in stomach, extreme depression,causeing to contenplate droping appeals, reject attempts from family to visit in prison,refused to file a visitation form,extreme rage,where contemplate how defendants should be draged behind vehicle for protecting racesist Judge, wanting to witnesses it.exzibiting extreme distrust in criminal justice system,paranoid,defendants are part of conspiracy against plaintiff an miniorities,conspiracy to bring all minioities to extictsion.

1

PROFF OF RECIEPT OF SERVICE

DALE DEVON SCHEANETTE
                    Plaintiff
     V

STATE COMMISION ON JUDUCIAL CONDUCT,defendants

We, the STATE COMMISION ON JUDUCIAL CONDUCT,swears under the penalty of perjury,the we have recieved a true and correct copy of the civil litigation instutued against us by the Plaintiff DALE DEVON SCHEANETTE,as shown below,by our stapm or signature on the below listed date.

COMMISION


On this day,the afore civil litigation came to the hand of _____,AND SIGNED an accepted ,this date--_____,year_____


MEMBERS

| _____ | date | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |
| _____ | DATE | _____ |

STATE COMMISION ON JUDUCIAL CONDUCT
P.O.Box 12265
Austin,TX 78711
512-463 5533
877-228-5750 (TOLL FREE)
www.scjc.state.tx.us

(EXHIBIT # 1)

# State Commission on Judicial Conduct

**Officers**
Joseph B. Morris, Chair
James A. Hall, Vice Chair
Dee Coats, Secretary

**Members**
Kathleen H. Olivares
Dee Coats
Gilbert M. Martinez
Ronald D. Krist
R.C. Allen, III
Faye Barksdale
Rex G. Baker, III



**Executive Director**
Seana Willing

April 1, 2004

**CONFIDENTIAL**

Dale Scheanette #999440
3872 FM 350 South
Livingston TX   77351

    Re:  CJC #: 04-0708-RT

    The disciplinary system of the State Commission on Judicial Conduct serves one purpose: to investigate claims of misconduct committed by Texas judicial officials. A judge is guilty of judicial misconduct only if he or she is found to be in violation of Article 5, Section 1-a(6) of the Texas Constitution, has been convicted of, or entered a plea of "no contest" to certain crimes, or has failed to comply with certain mandatory provisions of the Texas Code of Judicial Conduct. If a judicial official has violated these rules, the State Commission on Judicial Conduct may discipline the judge through an admonition, warning, reprimand, or requirement for additional education, issued publicly or privately. In severe cases, the Commission may recommend the initiation of formal proceedings in order to censure or remove the judge from office.



    We appreciate the concerns raised in your letter. However, after thoroughly reviewing your information, the Commission was unable to substantiate the allegations raised in your letter. In conformity with the specific constitutional provisions, statutes and canons, which limit the actions that can be considered judicial misconduct, this case has been dismissed.



    If you have additional evidence (witness statements, affidavits, hearing transcripts, etc.) not previously reviewed or considered by the Commission, you may request, **one time only**, a reconsideration of your case by the Commission. Please provide your written Request for Reconsideration, along with photocopies of any documents you wish the Commission to review, **no later than** thirty (30) days from the date of this letter. Forms are attached for this purpose.

    While not all writings result in a finding of misconduct, we appreciate your concerns and your interest in assisting us in maintaining the high ethical standards of the Texas judiciary. Thank you for bringing these issues to our attention.

                                               **STATE COMMISSION ON JUDICIAL CONDUCT**

P O Box 12265
Austin TX 78711-2265

www.scjc.state.tx.us

(512) 463-5533
Toll-free (877) 228-5750



**R. E. THORNTON**
Senior Judge
General Jurisdiction Trial
205 Bluff Ridge Road
Weatherford, Texas 76087
(817) 448-8806

January 18, 2003

Honorable Tim Curry
District Attorney, Tarrant County
Tarrant County Justice Center
401 West Belknap
Fort Worth, Texas 76196

Dear Tim:

With the Sheanette case finished I wanted to take a minute to compliment your team of prosecutors in the case. Both Greg and David comported themselves with the highest professionalism and ethics. It is a pleasure to try a case with such characteristics being displayed.

Also, I appreciated the assistance each of them gave me when I asked for it and at time even before I had asked.



No case is ever tried "error free" but Greg and David helped keep them to a minimum and I believe the case will stand up on appeal.

Thank you for giving me such a team to work with.

With best regards, I remain,

Yours very truly,

R. E. Thornton

Cc: Greg Miller
    David Hagerman

## PAGE 49 SHEET 7

49

1	In the Rideau case, three members of the jury
2	which convicted him had stated on voir dire that they had
3	seen and heard Rideau's televised interview with the sheriff
4	on at least one occasion. And two members of that jury were
5	deputy sheriffs of -- I don't know how you say this --
6	Calcasieu, C-A-L-C-A-S-I-E-U, Parish in Louisiana.
7	In the Sheppard case, she mentioned to the
8	Court there were editorials in that case. We don't have that
9	here. What we do have, as we pointed out in our brief
10	Memorandum of Law to the Court, is some more recent Texas
11	Court of Criminal Appeals cases. And rather than go through
12	that, I feel certain that the Court has read our Memorandum
13	of Law.
14	I will say this about the Henley case because
15	it's been talked about so much here. The Henley case was
16	reversed because the Court failed to give the Defendant in
17	that case a pretrial preliminary hearing on the change of
18	venue. This now makes, by my count, the third day that we
19	have spent formally being in court on this change of venue.
20	Obviously, as the Court's indicated, you personally have
21	spent four days reviewing the material.
22	The fact of the matter is it is their burden to
23	show that the publicity in this case has been prejudicial,
24	pervasive and inflammatory. Mr. Hagerman and I do not
25	believe they have carried their burden. We set out some

## PAGE 50

50

1	the things that their own live witnesses said in the hearing
2	on October 2nd of this year on this issue.
3	No one is doubting that there has been
4	publicity in this issue; however, the Court has been very
5	diligent and prudent about protecting the safeguards of the
6	Defendant, Dale Scheanette, in this case. And Mr. Hagerman
7	and I have every belief that the Court will continue to do
8	that. We believe that this trial can begin and go forward on
9	November 7th with the jury. We do not believe the Defense
10	has met their burden.
11	The standard, of course, is an abuse of
12	discretion on the part of Your Honor. We do not believe this
13	Honorable Court would, in fact, be abusing its discretion if
14	it, in fact, allowed the trial to continue on in Tarrant
15	County, Texas. Having sat through the entire jury -- all of
16	the jury proceedings in this case, Your Honor is probably in
17	the best position to come to his own conclusions about
18	whether or not Dale Scheanette can be protected here in this
19	case under the Fourteenth Amendment of due process of law or
20	any other constitutional amendment. And that's all I have to
21	say, Your Honor. Thank you
22	THE COURT: Thank you, Mr. Miller.
23	Ms. Tolbert.
24	MS. TOLBERT: Just very briefly, Judge.
25	Regarding the issue of no challenge for cause from the seated

## PAGE 51

51

1	jurors, this is exactly what the Court's warned against;
2	confusing voir dire in the issues under 35.16 and a change of
3	venue and the issues under 31.03.
4	The juror -- the cases address the issue that
5	the juror may not be challengeable for cause under 35.16, but
6	the need for the change of venue can still exist. So I would
7	suggest that the State's trying to lead you into some error
8	here because the cases specifically address this; that these
9	are two totally different issues. *Misconduct*
10	Judge, I think I've pretty much said it all
11	otherwise, and I certainly appreciate the Court's time in the
12	process of Mr. Scheanette in this matter.
13	THE COURT: All right. First of all, I want to
14	congratulate you, Ms. Tolbert, on the efforts you made in
15	this regard. I would say probably that there has not been
16	and probably will not be, unless this case gets overturned,
17	an effort to gather in all of the various news media
18	references to any case that would exceed what your efforts
19	have done. I just can't see it. I think you've done an
20	excellent job to a point that the Court, as I say, reviewed
21	what you have done ad nauseam.
22	There are things that you pointed out here that
23	have bothered the Court. The Court has been sitting through
24	the years in various cases, some in which change of venue
25	have been raised, but I feel like, frankly, from the evidence

## PAGE 52

52

1	that I have had, from the exhibits that I have observed, that
2	this information primarily was disseminated in 1996, and
3	then, as you pointed out, was not let die through 2002, the
4	arrest. And I think from what I could see and hear in the
5	evidence, that it was not let die because of two things:
6	first of all, media's perhaps pricking the police, and second
7	of all, the police concern about whether or not something
8	else might occur. And also their reaction to the pricking
9	that was coming from the media.
10	I don't think under the law that I am precluded
11	from considering what I heard in the voir dire in making my
12	selection -- my ruling, but, certainly, I don't give it much
13	weight in making my ruling because the courts have told me
14	not to. And I won't.
15	I am concerned about the rights and privileges
16	of each individual citizen. And this is what has bothered me
17	more than anything else. Because I think at this day and
18	time, the appellate courts have placed a strong burden on the
19	trial courts to rule and to make their own decision.
20	I have studied the Henley case and certainly
21	your breakdown, Ms. Tolbert, of the matters that were
22	presented in relation to the various seven parts of the test
23	was helpful. But by and large, I feel like that this area is
24	so large and that the figures that were given are of such a
25	nature that it doesn't warrant the change of venue. I'm